UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
ANIYUNWIYA BEY *ex rel.* Dominick Barbera,

                              Plaintiff,

                              **ORDER**
      -against-                         24-CV-4395 (OEM) (MMH)

NEW YORK POLICE DEPARTMENT;
70TH PRECINCT; KEVIN FLASH;
UNIDENTIFIED CO DEFENDANT;
UNIDENTIFIED CO DEFENDANT,

                              Defendants.
------------------------------------------------------------------X
ORELIA E. MERCHANT, United States District Judge:

      Pro se plaintiff Aniyunwiya Bey *ex rel.* Dominick Barbera ("Plaintiff") brings this action, along with an application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a). ECF 1-2. For the reasons discussed below, Plaintiff's application to proceed *in forma pauperis* ("IFP") is denied. In order to proceed with this action, Plaintiff is granted 30 days from this Order to either file a Long Form IFP application or to pay the $405.00 filing fee.

      A plaintiff seeking to proceed IFP must submit an affidavit stating "that [he or she] is unable to pay" filing fees "or give security therefor." 28 U.S.C. § 1915(a)(1). Section 1915 authorizes a court to dismiss a case brought by a plaintiff requesting to proceed IFP if the "allegation of poverty is untrue." 28 U.S.C. § 1915(e)(2)(A). An IFP "motion meets Section 1915(a)'s standard when it demonstrates that the applicant cannot 'pay or give security for the costs and still be able to provide himself and dependents with the necessities of life.'" *Rosa v. Doe*, 86 F.4th 1001, 1008 (2d Cir. 2023) (quoting *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331 (1948)) (emphasis omitted); *see also Potnick v. E. State Hosp.*, 701 F.2d 243, 244 (2d Cir. 1983) (per curiam) (applying the *Adkins* standard to hold that the financial condition of a

plaintiff whose income was less than the federal poverty level warranted leave to proceed *in forma pauperis*).

While Courts are "obligated to afford a special solicitude to *pro se* litigants," *Tracy v. Freshwater*, 623 F.3d 90, 101 (2d Cir. 2010), the financial declaration form submitted Plaintiff provides no information from which the Court can determine the veracity of Plaintiff's allegation of poverty. *See generally* ECF 2. Plaintiff merely writes "N/A" in every section and provides no information concerning whether he earns income from employment or other sources, whether he has money in a checking or savings account, whether he has regular monthly expenses, financial obligations, debts, financial dependents, or any assets. *Id.* ¶¶ 2-8.1 "When an applicant fails to explain how he supports himself, courts generally regard his application as incomplete and insufficient to establish an entitlement to *in forma pauperis* status." *Dan M. v. Kijakazi*, No. 22-CV-664, 2022 WL 2069112, at *2 (D. Conn. May 19, 2022). "'Because no one can live on no income and no assets,' affidavits asserting that the plaintiff has no income and no assets *without further explanation* 'must be incomplete and, by extension, fail to support *in forma pauperis* status.'" *Jones v. ACS/Queens Field Off.*, No. 23-CV-5742, 2024 WL 2818138, at *1 (E.D.N.Y. June 3, 2024) (quoting *Amanda M. v. Kijakazi*, No. 22-CV-353, 2022 WL 1395941, at *1 (D. Conn. Apr. 29, 2022)).

If Plaintiff relies on another person for support, he must state this on his application. *Jones*, 2024 WL 2818138, at *1 ("One potential explanation, which 'a court may consider' when 'assessing an application to proceed *in forma pauperis*,' is that the applicant has access to resources

---

[1] Plaintiff includes as an attachment to his IFP application a document entitled "Property Lost or Destroyed" but as that document suggests, the listed items are neither assets or liabilities.

'from those who ordinarily provide the applicant with the necessities of life, such as from a spouse, parent, adult sibling or other next friend.'" (quoting *Fridman v. City of New York*, 195 F. Supp. 2d 534, 537 (S.D.N.Y. 2002)).

## CONCLUSION

Accordingly, Plaintiff's IFP application is denied without prejudice. To proceed with this action, Plaintiff is granted 30 days from the entry of this order to either file a Long Form IFP application sufficiently explaining his financial status or to pay the $405.00 filing fee.

The Clerk of Court is respectfully directed to mail a Long Form IFP application to Plaintiff, along with a copy of this Order, and note the mailing on the docket. All further proceedings shall be stayed.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

/s/ Orelia E. Merchant_____
ORELIA E. MERCHANT
United States District Judge

Dated:   July 4, 2024
         Brooklyn, New York

3